```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. CROIX
```

**CHARGE M. FELIX,**                        ) D.C. CV. No. 2003/159
       Plaintiff,                  )
                                    )
   v.                              )
                                    )
**WARDEN IRA PHILLIP; ANN DUTE, Nurse; and**)
**GOVERNMENT OF THE VIRGIN ISLANDS,**        )
       Defendants.                 )
_____)

## O R D E R

**THIS MATTER** initially came before the Court on a complaint filed by Charles Felix alleging that Defendant Dute was grossly negligent when she administered the wrong medicine[1] causing him anxiety, fatigue, back pain, stomach ache, and forgetfulness.[2] Defendants moved pursuant to Fed. R. Civ. P. 12(h)(3) to dismiss Felix's complaint for failure to allege a federal question arising under the United States Constitution, United States laws, or United

---

[1] Mr. Felix specifically alleges that on or about June 14, 2003 through June 19, 2003, Nurse Dute negligently administered the drug Artane instead of "doctor prescribed tablets 'Propylthiouracil'."

[2] With regard to Warden Ira Phillip, who did not personally commit any constitutional violations, liability under § 1983 cannot be based upon *respondeat superior* or other forms of vicarious liability. *See generally Stankowski v. Farley*, 251 Fed. Appx. 743 (3d Cir. 2007) (holding that Warden of prison who did not personally commit any constitutional violations was not liable under § 1983 for constitutional violations committed by prison employees he may have supervised, and superior liability was not available under 42 U.S.C. § 1983). There must be some allegation and proof of personal involvement-in the form of actual participation or acquiescence in the alleged unlawful conduct-by each defendant. *E.g., Rizzo v. Goode,* 423 U.S. 362 (1976); *Commonwealth of Pennsylvania v. Porter,* 659 F.2d 306 (3d Cir. 1981). There is no allegation that Warden Ira Phillip was personally involved in the allegedly unlawful conduct giving rise to this complaint. Therefore, even if this action were to survive the Government's jurisdictional challenge, dismissal of Warden Phillips would be appropriate.

*Felix v. Warden, et al.*
D.C. CV. 2003-159
Order
Page 2

States treaties; failure to allege diversity; and failure to provide any basis for federal jurisdiction. (Defs. Mem. of Law in Supp. of Defs. Mot. to Dismiss at 1-2.)

    Felix's complaint further fails to affirmatively set forth any grounds for federal jurisdiction. Moreover, even if the Court were to construe Felix's pro se complaint as alleging a violation of his civil rights under 42 U.S.C. § 1983, the result would be the same because Felix failed to exhaust administrative remedies prior to filing his complaint. *See* 42 U.S.C. § 1997e; *see generally Potter v. Deputy Attorneys Under Lynn Abreham*, No. 03-04735, 2008 WL 375106, at *8 (E.D.Pa. Feb. 11, 2008). The premises considered and the Court being sufficiently advised, it is hereby

    **ORDERED** that this matter is **DISMISSED** for lack of jurisdiction; and finally

    **ORDERED** that the Clerk of the Court shall **CLOSE** this file.

    **DONE AND SO ORDERED** this <u>4</u> day of April 2008.

                                        **E N T E R:**

                                        /s/
                            _____
                            **RAYMOND L. FINCH**
                            **DISTRICT JUDGE**

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Charles M. Felix, Golden Grove Adult Correctional Facility, Rural Route 1, Kingshill, VI 00850 - (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
    Richard Schrader, Jr., AAG
    Law Clerk-TLB
    T. Serrano, Deputy Clerk